FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JAN 23 2015   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JESUS L. DIAZ,

                Plaintiff,

    -against-

JOE SLEDGE, BILL MARENGO, FRANCES MAIDA,
ROBERT A. MCDONALD, NORTHPORT VA
MEDICAL CENTER,
                Defendants.
----------------------------------------------------------------X

MEMORANDUM & ORDER
14-CV-5829 (SJF)(ARL)

FEUERSTEIN, District Judge:

On October 1, 2014, *pro se* plaintiff Jesus L. Diaz ("plaintiff") filed a complaint [Docket Entry No. 1 (the "Complaint" or "Compl.")] in this Court against Joe Sledge, Bill Marengo, Frances Maida, Robert A. McDonald, and the Northport VA Medical Center (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. [Docket Entry No. 2].

Upon review of the declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons that follow, plaintiff's Complaint is *sua sponte* dismissed for failure to state a claim for relief under 28 U.S.C. §§ 1915(e)(2)(B)(ii).

I.    Background[1]

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this Order, *see, e.g., Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

Plaintiff's Complaint invokes this Court's jurisdiction "pursuant to it's [sic] a Federal institution" (Compl. II.), and alleges that on June 15, 2010, defendant Joe Sledge "called [plaintiff's] house and made [plaintiff] believe he was EEO...gave [plaintiff] protocol on how to proceed and misled [plaintiff]." Compl. III. Plaintiff further alleges that around this time, he "went to see Bill Marengo and [Bill] told [plaintiff] that everything was being resolved by Frances Maida and Joe Sledge" (*id.*), and that on June 15, 2010, plaintiff "met with Frances Maida at the request of Human Resources to get advice on what to do regarding the Electrician positions [he] had applied for...[and] [Frances] forwarded this information to Joe Sledge as opposed to the EEO Officer." *Id.* As a remedy, plaintiff seeks "back pay from the years 2003-present plus any and all benefits that came with the hiring." Compl. IV.

II. Discussion

    A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

    B. Application of 28 U.S.C. § 1915

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. It is axiomatic that district courts are required to read a *pro se* complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations omitted), and

construe it "'to raise the strongest arguments'" suggested. *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quotations and citation omitted); *see also Anderson News, LLC v. American Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied by Curtis Circulation Co. v. Anderson News, LLC*, --- U.S. ----, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *see also Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (accord). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. . . ." Fed. R. Civ. P. 8. Plaintiff's submission does not contain a statement showing entitlement to relief but rather merely states the relief sought: "back pay from the years 2003-present plus any and all benefits that came with the hiring." Compl. IV. Accordingly, **plaintiff's Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) unless plaintiff files an amended complaint within thirty (30) days from the date of the entry of this order.**

III.     Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the Complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) **unless plaintiff files an amended complaint as set forth above within thirty (30) days from the date of the entry of this order.** The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. If plaintiff fails to file an amended complaint within thirty (30) days, his Complaint shall be dismissed with prejudice and the case shall be closed. If plaintiff does file an amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

The Clerk of the Court shall, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis*

status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein

_____
Sandra J. Feuerstein
United States District Judge

Dated: January 23, 2015
       Central Islip, New York